### FLECK v. FELDMAN.

(Supreme Court, Appellate Term. May 15, 1908.)

1. LANDLORD AND TENANT—LEASES.

Where an owner of premises did not surrender his copy of the lease, but only permitted it to be used to enable the tenant, who claimed to have lost his copy, to have it duplicated and signed by the original lessors, and he was not aware that a true copy of the lease had not been made, his act did not operate to make a new lease.

2. PRINCIPAL AND SURETY—DISCHARGE OF SURETY—CHANGE IN OBLIGATION.

The assignment by the original lessee of a false copy of the lease to subtenants did not discharge the surety on the original lease, and the owner of the premises, having no knowledge that a copy different from the one he held had been assigned, retains all his rights under the original lease against both the surety and the assignee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Surety, §§ 146–154.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Fleck, Sr., against Joseph Feldman. Judgment for plaintiff, and defendant appeals. Affirmed.

See 54 Misc. Rep. 228, 104 N. Y. Supp. 366.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Joseph Wilkenfeld, for appellant.

Goldfogle, Cohn & Lind (Alfred D. Lind, of counsel), for respondent.

PER CURIAM. The act of the plaintiff in permitting his copy of the lease to be used to enable the tenant, who claimed to have lost his copy, to have it duplicated and signed by the original lessors, who were no longer the owners or landlords of the premises in question, did not operate to make a new lease. Plaintiff had not surrendered his lease, and he was not even aware of the fact that a true copy of the lease had not been made.

From the facts as found by the learned trial justice, the assignment by the original lessee of the false copy of the lease to the subtenants

did not operate to discharge the defendant as surety under the original lease. Plaintiff, having no knowledge of the fact that a copy of a lease different from the one he held had been assigned by the lessee, retained all his rights under the original lease, both against the surety and the assignee of the bogus copy of the lease.

Judgment affirmed, with costs.